UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andre Juste, #078-361-619, | ) C/A No. 4:16-3335-MGL-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| U.S. Department of Justice, *Executive Office for Immigration Review*, | ) |
| John B. Reid/Reid B. Johnson, *Immigration Judge*, | ) |
| Michael T. Phillip, *U.S. D.H.S. Office of the Chief Counsel*, | ) |
| Sally Yates, *Deputy Officer*, Jeh Charles Johnson, *Secretary of Homeland Security*, Loretta Lynch, *U.S. Attorney General*, | ) |
| Defendants. | ) |

This is a civil rights action filed by a *pro se* litigant who indicates that he is an immigration detainee.[1] Because Plaintiff cannot leave the facility where he is detained on his own, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

---

[1] In the past, this court has treated Plaintiff under General Order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, 3:07mc-5015-JFA (D.S.C. Sept. 18, 2007), due to a lack of information as to whether Plaintiff's detainment by I.C.E. was due to improper entry(criminal) or unlawful presence(civil). *See* 8 U.S.C. §§ 1324d, 1325. The court now has information that Plaintiff is being detained criminally due to entering unlawfully in the 1990s, and subsequently committing the criminal offense of robbery. *See* 4:16-cv-03832-MGL-TER, ECF No. 1. Thus, the court now treats Plaintiff as a prisoner for the purposes of this district's General Order.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not

rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## BACKGROUND

Plaintiff alleges that he was denied a request for information. He requested a copy of the transcript of his removal proceedings and a copy of a protective order. Plaintiff names as Defendants: John B. Reid, a federal immigration judge in New York; Michael T. Phillips, the former Field Office Director of the DHS, ICE office in New York; the U.S. Department of Justice(DOJ), a federal agency; Jeh Charles Johnson, the former Secretary of the Department of Homeland Security; Loretta Lynch, the former U.S. Attorney General; and Sally Yates, former Deputy Attorney General.

## DISCUSSION

### Federal Agency Defendant

Plaintiff brings suit against the DOJ, and as such his constitutional claims are analyzed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a

right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under § 1983, because they do not act under color of state law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n.30 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir.1988) (abrogated on other grounds in *Johnson v. Jones*, 515 U.S. 304 (1995)).

Sovereign immunity deprives this court of subject matter jurisdiction over federal agencies, as a *Bivens* action may not be brought against agencies of the United States. *Corr. Servs. Corp v. Malesko*, 534 U.S. 61, 69-70, 72 (2001)("prisoner may not bring a Bivens claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual."); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Welch v. U.S.*, 409 F.3d 646, 650 (4th Cir. 2005). Thus, Defendant DOJ should be summarily dismissed.

### Federal Defendants-official capacity

"Any remedy under Bivens is against federal officials individually..." *Randall v. United States*, 95 F.3d 339, 345 (4th Cir.1996). A *Bivens* action cannot lie against Defendants in their official capacities. *See Doe v. Chao*, 306 F.3d 170, 184 (4th Cir.2003). Accordingly, Plaintiff's *Bivens* claims should be dismissed as to all Defendants in their official capacities.

### FTCA

Furthermore, even if this case is treated as brought under the Federal Tort Claims Act, the federal agency Defendants and federal employee Defendants here are still entitled to summary dismissal. The FTCA waives the sovereign immunity of the United States in certain situations.

However, litigants must strictly comply with the FTCA's requirements. *See* 28 U.S.C. § 2675; *see U.S. v. Kubrick*, 444 U.S. 111, 117-18 (1979). A suit under the FTCA lies only against the United States, and a federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See Sheridan v. Rendell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006). An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the FTCA. *See* 28 C.F.R. § 14.2; 28 U.S.C. § 2401(b). There is no indication that Plaintiff has filed an administrative claim pursuant to the FTCA as to the federal agencies here. Such requirement is jurisdictional and not waivable. *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000). Accordingly, this court lacks subject matter jurisdiction over said claims.

**Personal Jurisdiction over Federal Employee Defendants in individual capacity**

"A district court does not have nationwide jurisdiction over defendants who live outside the forum state simply because the defendants are federal government employees." *Jackson v. Reilly*, 2008 WL 706861, at *14 (D.S.C. Mar. 14, 2008)(citing *Stafford v. Briggs,* 444 U.S. 527 (1980). "Because a *Bivens* action seeks relief against the personal resources of a federal employee in his individual capacity, the court must acquire personal jurisdiction in order to enter a binding judgment." *Id.* (citing *Griffith v. Nixon*, 518 F.2d 1195 (2d Cir.1975).[2]

---

[2] Moreover, courts have held that mere allegations relating to a federal official's decisions outside the forum state and other supervisory activities over a facility inside the forum state, are insufficient to establish personal jurisdiction. *See, e.g., Jones v. Hawk–Sawyer*, 2000 WL 34203850, at * 2 (N.D. Tex. Oct. 19, 2000); *see also Hill v. Pugh*, 75 Fed. Appx. 715, 719 (10th Cir. 2003) (dismissing claims against BOP Regional Director, located in Kansas, and BOP Director, located in Washington, D.C., for lack of personal jurisdiction, holding that it was "not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities within a forum state [Colorado]."); *Johnson v. Rardin*, 1992 WL 9019, at *1 (10th Cir. Jan. 17, 1992) (dismissing Regional Counsel for lack of minimum

5

A requirement in any civil action is that the particular district court in which a Complaint is brought must have personal jurisdiction over the defendants. A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. Fed. R. Civ. P. 4(k)(1)(A), 4(e)(1); *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997). The exercise of jurisdiction over a non-resident defendant must be both authorized under the state's long-arm statute and must comport with the due process requirements of the Fourteenth Amendment. *Carefirst of Md. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 396 (4th Cir. 2003). Under South Carolina's long arm statute, S.C. Code Ann. § 36-2-803, nonresidents may be served and subjected to state court jurisdiction when certain types of facts are presented in a case (e.g. entering a contract in this state, committing a tort in this state, etc.). None of those types of facts are presented in this case as to the Defendants who are New York, Virginia, and Washington, D.C. residents. Defendants lack sufficient connection to South Carolina. Thus, the District of South Carolina cannot extend its personal jurisdiction to reach the Defendants.

A district court may exercise personal jurisdiction over a non-resident defendant "if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). South Carolina's long-arm statute extends to the outer limits of Fourteenth Amendment

---

contacts where involvement was occasionally advising prison staff members in forum state); *Durham v. Lappin*, 2006 WL 2724091, at *5 (D. Colo. Sept. 21, 2006); *Thornton v. Quinlan*, 864 F. Supp. 90, 92 (S.D. Ill.1994) (declining to exercise jurisdiction over BOP director whose only contacts with Illinois were in his official capacity); *Murrell v. Chandler*, 2007 WL 869568, at *4 (E.D. Tex. Mar. 21, 2007) (dismissing BOP's Administrator of National Inmate Appeals, in Washington, D.C., for lack of personal jurisdiction)(affirmed in part, reversed in part and remanded by 277 Fed. Appx. 341 (5th Cir. 2008), dismissal of Defendant Watts for lack of personal jurisdiction unchallenged on appeal).

due process and as such the only question then is "whether the exercise of personal jurisdiction would violate due process." *See, e.g., Cockrell v. Hillerich & Bradsby Co.*, 611 S.E.2d 505, 508 (S.C. 2005). Due process is satisfied in relation to personal jurisdiction, if a defendant purposefully avails himself of the privilege of conducting business within the forum state. *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985). There must be sufficient "minimum contacts" with the forum state, such that maintenance of the suit does not offend traditional notions of "fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 3206 (1945); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

There are no factual allegations present here for the court to find personal jurisdiction over the Defendants: the Defendants live in New York, Virginia, and Washington, D.C.; the action complained of did not occur in South Carolina; the Plaintiff is detained in a facility in New York. There are no contacts, purposeful availment, or sufficient connection with the state of South Carolina by the Defendants. Thus, it is recommended that claims against Defendants in their individual capacities be dismissed without prejudice due to a lack of personal jurisdiction.[3]

**Defendant Judge Reid**

In addition to the court not having personal jurisdiction over Defendant Reid as discussed above, Defendant Reid is also entitled to judicial immunity. Plaintiff's claims against Judge Reid appear to be based on his official participation, and the resulting judicial rulings made in relation to

---

[3] Plaintiff has also filed a similar claim against similar defendants as this case in the federal district court in California. *See Juste v. Reid, et al*, No. 4:16-cv-07120-DMR (N.D. Cal. filed Dec. 14, 2016). Of note, the undersigned previously recommended screening measures pursuant to *Graham v. Riddle*, 554 F.2d 133 (4th Cir. 1977), due to Plaintiff's abuse of his right of access to the court by continuing to file duplicative suits across district courts and filing suits which have no basis to be filed in this district.

Plaintiff's case are barred by the doctrine of absolute judicial immunity. Judicial immunity is a threshold question which requires summary dismissal. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rule is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir.1972) (citations omitted), overruled on other grounds, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir.1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir.1987) (a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir.1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Thus, Defendant Judge Reid is entitled to summary dismissal from this case.

**RECOMMENDATION**:

Accordingly, it is recommended that the district court summarily dismiss the complaint in this case without prejudice, and without issuance and service of process. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993).

February 23, 2017
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).